**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION**

**UNITED STATES OF AMERICA**                                                                 **PLAINTIFF**

**v.**                                     **CASE NO. 4:14-CR-00019-BSM**

**KENIA GIBBS**                                                                                   **DEFENDANT**

**ORDER**

The government's petition to revoke Kenia Gibbs's supervised release is granted and Gibbs is sentenced to 24 months in the Federal Bureau of Prisons and three years of supervised release to follow. As conditions of his supervised release, Gibbs is required to submit to substance abuse testing and treatment, and to satisfy all unsatisfied conditions of his previously imposed term of supervised release.

Gibbs was sentenced to seventy-seven months in the Federal Bureau of Prisons and thirty-six months of supervised release for being a felon in possession of a firearm. His supervision commenced on July 26, 2019, and the government is seeking to revoke supervised release. At the hearing on the petition, Gibbs pled true to violations numbered 1, 2, 3, and 4, which alleged that he violated his conditions of supervised release by testing positive for cocaine and marijuana use, failing on several occasions to submit to urine testing, failing on a number of occasions to report to the probation office, and failing on two occasions to notify probation that he had changed residences. Gibbs pled not true to violation number 5, which alleged that he engaged in indecent exposure, sexual contact, solicitation, and voyeurism of a minor, and for which he is presently charged by the state of Arkansas.

Aaron Gossett, from the Arkansas State Police Crimes Against Children Division, testified that Gibbs, who was previously convicted of statutory rape, moved in with his girlfriend and her fourteen-year old daughter within days of meeting them. Less than a month after he moved in with his girlfriend, she traveled to California and left her daughter with Gibbs. Approximately two to

three weeks after the mother returned from California, the daughter met with officials at her school, who contacted the police to report possible child sexual abuse.

Gossett was assigned to the case, and during his investigation, he spoke with the daughter, the mother, and Gibbs. The daughter stated that Gibbs:

> attempted to come into the bathroom when she would be in the state of undress or expected to be in the state of undress, that Mr. Gibbs attempted to forcefully engage in oral sexual contact with her, and that Mr. Gibbs came into her room on one occasion and was masturbating himself in her private space where it would have been expected that he would have been seen by her.

Although the mother denied that her daughter told her anything specific about these alleged incidents, she told Gossett that her daughter's behavior has changed toward Gibbs.

Gibbs testified that the daughter's statements to the police are untrue. He further testified that he and the mother are engaged to be married and that the mother agrees that the daughter's statements to police are untrue. He explained that the daughter is troubled and has fabricated these stories in response to his attempts to correct her inappropriate behavior.

At the conclusion of the evidence, I withheld a ruling on the petition to afford Gibbs the opportunity to subpoena the mother to corroborate his testimony. We reconvened two months later; however, I was not prepared to proceed, so I recessed the hearing and informed the parties that I would review the transcript of the first hearing and would issue a written ruling so that we would not have to reconvene. It is noted that the mother was not present at the second hearing.

Based on the evidence presented, the government has met its burden of proof on violation number five. Therefore, Gibbs is hereby found to have violated allegations 1, 2, 3, 4, and 5. The statutory penalties for violating supervised release are as follows: a term of imprisonment of not more than two years, followed by a term of supervised release of not more than three years, minus the length of any term of imprisonment. Gibbs is also required to complete substance abuse testing and treatment as unsatisfied conditions of his supervised release. Under the sentencing guidelines,

this is a grade A violation and Gibbs is in a criminal history category of VI. For this violation, revocation is mandatory and the guidelines recommend a term of imprisonment of 33 to 41 months; however, as noted above, the statutory maximum sentence that can be applied is 24 months. The guidelines provide for a period of supervised release of not more than three years. Finally, the guidelines also require Gibbs to complete substance abuse testing and treatment as unsatisfied conditions.

Both parties have the right to appeal this sentence; notice of an appeal must be filed within fourteen days. If Gibbs chooses to appeal and is unable to pay the costs of an appeal, he may apply for leave to appeal *in forma pauperis*. If Gibbs cannot afford a lawyer to help with his appeal, one will be appointed to represent him.

A judgment on the findings herein will issue.

IT IS SO ORDERED, this 12th day of February, 2021.

*/s/ Brian S. Miller*
UNITED STATES DISTRICT JUDGE